# IN THE COURT OF APPEALS OF IOWA

No. 19-0853
Filed November 4, 2020

**LORENZO QUINTANAR,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.


        Lorenzo Quintanar appeals from the district court ruling denying his

application for postconviction relief. **AFFIRMED.**


        John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.


        Considered by Bower, C.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

Lorenzo Quintanar pleaded guilty to the serious misdemeanor charge of possession of marijuana in 2001. *See* Iowa Code § 124.401(5) (2001). His guilty plea was accepted, and he was sentenced in August 2001. In 2018, Quintanar filed an application for postconviction relief (PCR). He alleged he received ineffective assistance of counsel because his attorney allowed him to plead guilty to the offense without informing Quintanar of the immigration consequences of pleading guilty. *See Padilla v. Kentucky*, 559 U.S. 356, 374 (2010) (holding counsel's failure to inform a client whether the client's plea carries a risk of deportation is constitutionally deficient performance).

The PCR case went to trial. Following trial, the district court issued a ruling in which it made a factual determination that Quintanar failed to establish that his trial counsel failed to adequately inform him of the immigration consequences of his guilty plea. Finding no adequate proof of trial counsel's breach of duty to provide effective representation, the district court dismissed the PCR application on this basis.

The district court also made determinations that the federal and state case law addressing a defendant's right to be advised of immigration consequences before pleading guilty did not apply retroactively. Furthermore, the district court ruled, even if the case law did apply retroactively, Quintanar's PCR claim was time-barred. *See* Iowa Code § 822.3 (2018) (requiring PCR applications to be filed within three years after the conviction is final). The district court dismissed the PCR application on this basis as well.

Quintanar appeals from the district court's order dismissing his PCR application. On appeal, he challenges the district court's decision regarding retroactive application of the federal and state case law relating to the obligation of counsel to advise a client of immigration consequences of a guilty plea.

We need not and do not address the issues Quintanar raises on appeal. Even if Quintanar could persuade us that the issues he raises on appeal should be decided in his favor, it would not overcome the fact that Quintanar lost on the merits and has not challenged that loss on appeal.

As noted, the relief Quintanar seeks is based on a claim of ineffective assistance of trial counsel. To prevail on such a claim, Quintanar must establish (1) trial counsel failed to perform an essential duty and (2) the failure resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is presumed to be competent. *State v. Russell*, 897 N.W.2d 717, 730 (Iowa 2017). It is the applicant's burden to show ineffective assistance of counsel by a preponderance of the evidence. *Id.*

Here, following a trial on the merits, Quintanar failed to convince the district court, as the fact-finder, that his trial counsel had not advised him of the immigration consequences of his guilty plea before he entered that plea—his only argument in support of his ineffective-assistance-of-counsel claim. As a result, the district court made factual and legal findings that Quintanar failed to prove his counsel's performance was defective and dismissed his application as a result of his failure to meet his burden of proof. This is a loss on the merits, and Quintanar does not challenge the loss on appeal. No challenge having been made to the factual and legal conclusions that are dispositive on the merits, the district court's

ruling must be affirmed.  *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

**AFFIRMED.**